UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

HOLLI A. G., )
)
       *Plaintiff* )
)
v. ) No. 1:18-cv-00077-JHR
)
NANCY A. BERRYHILL, )
*Acting Commissioner of Social Security,* )
)
       *Defendant* )

### MEMORANDUM DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that, among other things, the ALJ ignored the medical opinion of an agency examining consultant. *See* Statement of Specific Errors ("Statement of Errors") (ECF No. 13) at 5-7. I agree and, accordingly, vacate the commissioner's decision and remand this case for further proceedings consistent herewith. I need not and do not reach the plaintiff's remaining points of error.

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 18.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through March 31, 2011, Finding 1, Record at 119; that she had the severe impairments of chronic pain, bilateral foot pain, bilateral knee pain due to mild degenerative joint disease, edema, restless leg syndrome, sleep apnea, morbid obesity, anxiety with agoraphobia, depression, post-traumatic stress disorder, and borderline intellectual functioning, Finding 3, *id*. at 120; that she had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that she was limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling, and occasional performance of foot control operations bilaterally, had to avoid exposure to extreme cold, extreme heat, wetness, humidity, concentrated fumes, odors, dust, gases, poorly ventilated areas, concentrated chemicals, moving machinery, and unprotected heights, and was limited to simple, unskilled work in a low-stress job with only occasional decision-making and only occasional changes in the work setting and no interaction with the public as a basic part of job responsibilities, although she could tolerate occasional interaction with coworkers and supervisors, Finding 5, *id*. at 122-23; that, considering her age (36 years old, defined as a younger individual, on her alleged disability onset date, March 1, 2011), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id*. at 129; and that she, therefore, had not been disabled from March 1, 2011, her alleged onset date of disability, through the date of the decision, February 7, 2017, Finding 11, *id*. at 130. The Appeals Council declined to review the decision, *id*. at 1-4, making

the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff argues that the ALJ committed reversible error in failing to consider the opinion of agency examining consultant David Axelman, M.D. *See* Statement of Errors at 5-7.

Dr. Axelman's report concludes with the following assessment:

> The [plaintiff]'s ability to do work-related activities has been clearly affected by the lower extremity abnormalities, as well as her psychological issues. *She has about an hour of sitting that she seems capable of doing*. Standing and walking, as well as lifting, squatting, and bending are much more limited. She can flex at the waist about 80 degrees, although uncomfortable. She cannot squat. She has no major difficulty handling objects or hearing, but traveling is limited. She does not drive because of anxiety.

Record at 982 (emphasis added).

As the plaintiff points out, "an individual who is not capable of sitting more than one hour in an eight-hour work day on a consistent, ongoing basis would not be able to perform sedentary work." Statement of Errors at 6-7; 20 C.F.R. §§ 404.1567(a); 416.967(a) ("a sedentary job is defined as one which involves sitting"); Social Security Ruling 96-9p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2018) ("SSR 96-9p"), at 157 ("If an individual is unable to sit for a total of 6 hours in an 8-hour work day, the unskilled sedentary occupational base will be eroded. The extent of the limitation should be considered in determining whether the individual has the ability to make an adjustment to other work.").

Social Security regulations mandate that an ALJ "always consider the medical opinions" of record. 20 C.F.R. §§ 404.1527(b), 416.927(b). As this court has noted, "an [ALJ] may not simply ignore the opinions of treating sources or [agency] expert consultants, but must take them into consideration and explain the weight accorded them." *Kelly v. Astrue*, Civil No. 09-78-B-W, 2009 WL 3152796, at *3 (D. Me. Sept. 28, 2009) (rec. dec., *aff'd* Oct. 20, 2009); *see also, e.g.,* 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1) (while ALJs are not required to adopt the findings of agency consultants, "they must consider" them because such consultants "are highly qualified and experts in Social Security disability evaluation"); Social Security Ruling 96-8p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2018) ("SSR 96-8p"), at 149 ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

Here, the ALJ failed to mention Dr. Axelman in his decision. *See* Record at 123-28. As a result, the court cannot discern whether he "reached a supportable result *via* an acceptable analytical pathway[.]" *Picard v. Berryhill*, No. 2:16-cv-00636-JHR, 2018 WL 1370681, at *3 (D.

4

Me. Mar. 16, 2018). Because the adoption of Dr. Axelman's opinion would have precluded the plaintiff from performing sedentary work, the error is not harmless.

The commissioner raises several arguments in defense of the error, *see* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 15) at 3-6, all of which are unavailing. She suggests that the ALJ did, in fact, discuss Dr. Axelman's report by "indicat[ing] that there were no medical opinions from examining physicians that endorsed greater limitations than those included in the assessed RFC." *Id.* at 4 (citing Record at 128). Indeed, the ALJ cited a range of exhibits (1F through 27F), one of which is the Axelman report (11F), for the proposition that "the record does not contain any opinion from treating or examining physicians indicating that the [plaintiff] is disabled or even has limitations greater than those determined in this decision." Record at 128, 978-82.

The commissioner contends that the ALJ's characterization of the Axelman opinion was accurate, and, in any event, any error was harmless, given that (i) Dr. Axelman "merely reiterate[d]" the plaintiff's self-reported allegation that she was capable of only an hour of sitting, did not test her sitting capacity, and, on examination, found "no ligamentous instability, and sensation . . . intact to touch in the legs[,]" and (ii) "the ALJ specifically discussed a July 2014 examination, which occurred only a few months prior to Dr. Axelman's examination and showed that Plaintiff had normal range of motion in the extremities." *See* Opposition at 4-5.

These points, however, are *post hoc* rationalizations that cannot serve to fill in the gap left by the ALJ's failure to consider the Axelman opinion. *See, e.g., Day v. Astrue*, No. 1:12-cv-141-DBH, 2012 WL 6913439, at *10 (D. Me. Dec. 30, 2012) (rec. dec., *aff'd* Jan. 18, 2013) ("Pursuant to the rule of *SEC v. Chenery Corp.*, 332 U.S. 194 (1947), a reviewing court cannot affirm an agency's decision on the basis of a *post hoc* rationalization but must affirm, if at all, on the basis

5

of a rationale actually articulated by the agency decision-maker.") (citation and internal quotation marks omitted).

While there is an exception to the *Chenery* rule "when a remand will amount to no more than an empty exercise because, for example, application of the correct legal standard could lead to only one conclusion[,]" *id.* (citation and internal quotation marks omitted), that is not the case here. "[I]t is the job of the [ALJ], not the courts or the commissioner's counsel on appeal, to resolve such conflicts in the first instance." *Reitz v. Astrue*, No. 1:10-cv-94-JAW, 2010 WL 5395051, at *4 (D. Me. Dec. 22, 2010) (rec. dec., *aff'd* Jan. 12, 2011).[2]

The commissioner argues, in the alternative, that any error is harmless because the plaintiff fails to (i) demonstrate that "the medical evidence suggests, much less that it requires, the inclusion in the plaintiff's RFC of any greater . . . limitations[,]" Opposition at 5 (quoting *Henderson v. Colvin*, No. 2:13-cv-426-JHR, 2015 WL 46075, at *3 (D. Me. Jan. 2, 2015)), or (ii) "identify specific physical limitation stemming from h[er] medical impairment that the ALJ should have made a part of h[er] RFC[,]" *id.* (quoting *Pressey v. Berryhill*, No. 2:16-cv-00425-JDL, 2017 WL 2731308, at *6 (D. Me. June 25, 2017) (rec. dec., *aff'd* Aug. 28, 2017)).

*Henderson* is distinguishable in that, here, the plaintiff has argued that the ALJ ignored a medical expert's opinion that, if adopted, would have resulted in the inclusion of greater physical limitations. *See* Statement of Errors at 6-7; *compare Henderson*, 2015 WL 46075, at *2-3 (claimant complained that mental RFC determination was unsupported by substantial evidence when no medical expert found a severe mental impairment). *Pressey* is distinguishable in that,

---

[2] In any event, the July 2014 examination on which the commissioner relies was performed incident to an emergency department visit for severe <u>dental</u> pain, *see* Record at 925-29; in that context, it cannot fairly be said to be equivalent to a comprehensive physical examination by an agency consultant performed for the purpose of assessing the disability claim at issue.

6

here, the plaintiff did more than "complain[] generally about the insufficiency of the restrictions afforded by the RFC[.]" *Pressey*, 2017 WL 2731308, at *6. Rather, she identified specifically the omission of the sitting restriction assessed by Dr. Axelman. *See* Statement of Errors at 6-7.

## II. Conclusion

For the foregoing reasons, the commissioner's decision is decision is **VACATED**, and the case is **REMANDED** for proceedings consistent herewith.

Dated this 29th day of March, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge